**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **Xingyan Jia,** | |
| Plaintiff, | Case No.: |
| v. | |
| **The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations and Foreign Entities Identified on Schedule A to the Complaint,** | **JURY DEMANDED** |
| Defendants. | |

## <u>VERIFIED COMPLAINT</u>

Plaintiff, Xingyan Jia, ("Plaintiff"), hereby alleges as follows against the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations and Foreign Entities identified on Schedule A attached hereto (collectively, "Defendants"):

1.     Plaintiff, Xingyan Jia, is the owner of the federal copyright registration that protects the creative content of ripple ribbed designed drinking cups.

2.     This action has been filed by Plaintiff to combat online counterfeiters who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's copyrights, which are covered by at least U.S. Copyright Office Registration No. VA 2-332-973, being a registration for drinking cups (the "Drinking Cups Copyright Registration"). The Drinking Cups Copyright Registration is valid, subsisting, and in full force and effect. A true and correct copy of the federal copyright registration certificate for the Drinking Cups Copyright Registration is attached hereto as Exhibit 1.

3.     Defendants create numerous fully interactive commercial internet stores operating under the Online Marketplace Accounts identified in Schedule A (collectively referred to as the "Defendant Internet Stores").  Defendants design the Defendant Internet Stores to appear to be selling genuine Plaintiff products, while selling inferior imitations of Plaintiff's products.  The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences.  Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting operation.  Plaintiff is forced to file this action to combat Defendants' counterfeiting of Plaintiff's copyrights, as well as to protect unknowing consumers from purchasing unauthorized Drinking Cups products over the Internet.  Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of their valuable copyrights and goodwill as a result of Defendants' actions and seek injunctive and monetary relief.

## JURISDICTION AND VENUE

4.     This Court has original subject matter jurisdiction over the copyright claim pursuant to the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, because each of the Defendants directly targets consumers in the United States, including Illinois, through at least Defendant Internet Stores.  Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can

purchase unauthorized and illegal products embodying Plaintiffs' copyrights, that are marketed by reference to the same or similar names. Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing infringing versions of Plaintiff's copyrighted works. Each of the Defendants has targeted Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products bearing infringing versions of Plaintiff's federally registered copyrighted works to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

6.     This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this judicial district, and the acts and events giving rise to the lawsuit of which each Defendant stands accused were undertaken in Illinois and in this judicial district.

## THE PLAINTIFF

7.     Plaintiff, Xingyan Jia, resides in China and is the owner of the federal copyright registration that protects the creative content of ripple ribbed designed drinking cups.

8.     Plaintiff has dedicated significant efforts, considerable financial resources, and an extensive amount of time towards the intricate process of crafting, promoting, and enhancing the distinctive ripple ribbed design for its line of drinking cups. This unwavering commitment has encompassed meticulous development, strategic licensing initiatives, and comprehensive promotional endeavors. The resounding outcome has been the cultivation of a brand image that transcends mere utility. The ripple ribbed designed drinking cups, emblematic of the Plaintiff's

creative ingenuity, have transcended the realm of ordinary commodities to become coveted works of art sought after by discerning individuals and other business entities alike. This visionary approach has manifested in not only the licensing of products featuring the captivating rippled ribbed design to a diverse array of recipients but also in the unequivocal recognition and symbiotic association forged between the design and the Plaintiff within the hearts and minds of consumers, the general public, and the industry at large.

**THE DEFENDANTS**

9. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling infringing versions of Plaintiff's federally registered copyrighted works. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell infringing versions of Plaintiff's federally registered copyrighted works to consumers within the United States, including Illinois and in this judicial district.

10. Plaintiff has identified numerous fully interactive websites hosted on various eCommerce sites. Each Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold and continues to sell infringing products that violate Plaintiff's intellectual property rights in the copyrighted works ("Infringing Products") to consumers within the United States, including the State of Illinois.

11.     The Defendant Internet Stores intentionally conceal their identity and the full scope of their infringement operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal operations.  Through their operation of the infringing Defendant Internet Stores, Defendants are directly and personally contributing to, inducing, and engaging in the sale of Infringing Products as alleged, often times as partners, co-conspirators and/or suppliers.  On information and belief, Defendants are interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products.

12.     On information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of copyrighted works in the Drinking Cups Copyright Registration, including Plaintiff's exclusive right to use and license such intellectual property and the goodwill associated therewith.

13.     Defendants often go to great lengths to conceal their identities by often using multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive pirating operation, and to avoid being shut down.

14.     The Infringing Products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that, upon information and belief,

Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same Defendant Internet Store registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

15.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring takedown demands sent by brand owners. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

16.     Further, infringers such as Defendants, typically operate multiple credit card merchant accounts and third-party accounts, such as PayPal, Inc. ("PayPal") accounts, behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

17. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine Plaintiff's copyrighted products. Defendants utilize similar illegitimate SEO tactics to propel new Defendant Internet Stores to the top of search results after others are shut down.

18. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully pirated Plaintiff's Steven Rhodes Works in connection with the advertisement, distribution, offering for sale, and sale of illegal products into the United States and Illinois over the internet. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has offered to sell Infringing Products into the United States, including Illinois.

## COUNT I
## COPYRIGHT INFRINGEMENT

19. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

20. Plaintiff's copyrighted works in the Drinking Cups Copyright Registration have significant value and have been produced and created at considerable expense.

21. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the drinking cups copyrighted works, including derivative works. The drinking cups copyrighted works are the subject of valid Copyright Registration Certificates issued by the Register of Copyrights. (Exhibit 1).

22.     Each Defendant, without the permission or consent of Plaintiff, has, and continues to sell online pirated derivative works of the copyrighted Works. Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 *et seq.*).

23.     The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

24.     As a result of each Defendant's infringement of Plaintiff's exclusive rights under the Copyright Act, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

25.     The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrights and ordering that each Defendant destroy all unauthorized copies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1)     That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.  using Plaintiff's intellectual property rights in the copyrighted works or any reproductions, copies, or colorable imitations thereof in any manner in

connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Plaintiff's intellectual property rights in the copyrighted works or is not authorized by Plaintiff to be sold in connection with products bearing Plaintiff's intellectual property rights in the copyrighted works;

b.   passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the products bearing Plaintiff's intellectual property rights in the copyrighted works;

c.   further infringing Plaintiff's intellectual property rights in the copyrighted works and damaging Plaintiff's goodwill;

d.   shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use products bearing Plaintiff's intellectual property rights in the copyrighted works and which are derived from Plaintiff's copyrights in such works; and

e.   using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's intellectual property rights in the copyrighted works;

    f.   further infringing Plaintiff's intellectual property rights in the copyrighted works and damaging Plaintiff's goodwill;

    g.   otherwise competing unfairly with Plaintiff in any manner;

    h.   shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, not authorized by Plaintiff to be sold or offered for sale, and which copy any Plaintiff copyright, including the products bearing Plaintiff's intellectual property rights in the copyrighted works or any reproductions, counterfeit copies, or colorable imitations thereof;

2)     Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces, social media platforms, Facebook, YouTube, LinkedIn, Twitter, internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Internet Stores, shall:

    a.   disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which reproduce the Steven Rhodes Works or are derived from the Steven Rhodes Works, including any accounts associated with the Defendants listed on Schedule A;

    b.   disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which are derived from the Steven Rhodes Works; and

      c.  take all steps necessary to prevent links to the Defendant accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index;

3) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyrights pursuant to 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

4) For Judgment in favor of Plaintiff against Defendants for actual damages;

5) In the alternative, for Judgment in favor of Plaintiff against Defendants for statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff, in an amount of not less than $750 and not more than $30,000 for each and every infringement of Plaintiff's copyrights pursuant to 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement;

6) That Plaintiff be awarded reasonable attorneys' fees and costs; and

7) Award any and all other relief that this Court deems just and proper.

Date: August 30, 2023

Respectfully submitted,

/s/ Edward L. Bishop
Edward L. Bishop
ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
Benjamin A. Campbell
bcampbell@bdl-iplaw.com
BISHOP DIEHL & LEE, LTD.
1475 E. Woodfield Road, Suite 800
Schaumburg, IL 60173
Telephone: (847) 969-9123
Facsimile: (847) 969-9124

*Counsel for Plaintiff, Xingyan Jia*

## **VERIFICATION**

I, Xingyan Jia, hereby certifies as follows:

1.  I am the owner of the U.S. Copyright Office Registration No. VA 2-332-973 that protects the creative content of ripple ribbed designed drinking cups . As such, I am authorized to make this Verification.

2.  I have read the foregoing Verified Complaint, and, based on my personal knowledge, the factual allegations contained in the Verified Complaint are true.

3.  I certify under penalty of perjury under the laws of the United States of America that the foregoing statement made by me are true and correct.


Executed on: _____          ___Xing yanJia_____

                                                              Xingyan Jia